UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-                                                       8:07-CR-510
                                                                   (LEK)

FEKRIE BERIHUM AYALEW,

                Defendant.

_____

**DECISION AND ORDER**

Presently before the Court is Defendant Fekrie Berihum Ayalew's ("Defendant" or "Ayalew") Motion for reconsideration, pursuant to Local Rule 7.1(g), of the June 20, 2008 Memorandum-Decision and Order denying his Motion to suppress photographs obtained from a search of his camera. Motion for Reconsideration (Dkt. No. 30); Suppression Decision (Dkt. No. 28). For the following reasons, Defendant's Motion for reconsideration is denied.

**I.    Background**

A full description of the facts of this case can be found in this Court's June 20, 2008 Memorandum-Decision and Order. Suppression Decision at 1-6 (Dkt. No. 28).[1] The relevant procedural history is as follows.

On March 10, 2008, Defendant filed a Motion to suppress statements and photographic evidence. Suppression Motion (Dkt. No. 13). This Court, by Memorandum-Decision and Order dated June 20, 2008, denied Defendant's Motion as to the photographs recovered from

---

[1] Also available at United States v. Ayalew, No. 07-CR-510, 2008 WL 2522343, at *1-3 (N.D.N.Y. June 20, 2008).

1

Defendant's digital camera, finding that Defendant's camera was lawfully taken from him and the search of its contents was proper. Suppression Decision at 11. Defendant filed this Motion for reconsideration on June 27, 2008, alleging that the District Court's holding was "a clear error of law requiring reconsideration and suppression." Motion for Reconsideration at 6 (Dkt. No. 30).

**II.   Discussion**

The burden on a party moving for reconsideration of an order is substantial. Toland v. Walsh, No. 9:04-CV-0773, 2008 WL 657247, at *1 (N.D.N.Y. Mar. 7, 2008). To succeed on such a motion, the moving party must "point to controlling decisions or data that the court overlooked– matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. at 167 (quoting Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995)). There are only three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in law, (2) the availability of evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. Shannon v. Verizon New York, Inc., 519 F.Supp.2d 304, 307 (N.D.N.Y. 2007) (citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983). Here, Defendant argues that the Court's June 20, 2008 Memorandum-Decision and Order should be reconsidered to correct a clear error of law or prevent manifest injustice. As such, Defendant's Motion for reconsideration will be reviewed under the "clearly erroneous" standard. See John & Vincent Arduini Inc. v. NYNEX, 129 F.Supp.2d 162, 167 (N.D.N.Y. 2001).

Ayalew contends that the Court failed to apply the correct legal standards to the relevant facts in the record. Motion for Reconsideration at 1 (Dkt. No. 30). Specifically, Ayalew argues

that the case cited by the Court, United States v. Edwards, 415 U.S. 800 (1974), does not support its conclusion that Ayalew's rights were not violated when the border patrol agents examined the contents of his camera. Id. at 2. Ayalew contends that he maintained a privacy interest in the contents of his camera and that the law enforcement officers were required to obtain a warrant before viewing these contents. Id. at 5.

Ayalew argues that his case is distinguishable from Edwards because "the camera could not have been searched at the time and place of the arrest." Motion for Reconsideration at 4 (Dkt. No. 30). He justifies this position by comparing cameras to containers, such as luggage, and arguing that absent exigent circumstances, containers may only be examined pursuant to a warrant. Id. at 4-5 (citing United States v. Gorski, 852 F.2d 692, 695 (2d Cir. 1988) (bag); United States v. Schleis, 582 F.2d 1166 (8th Cir. 1978) (briefcase); Unites States v. Stevie, 582 F.2d 1175 (8th Cir. 1978) (suitcase); United States v. Johnson, 588 F.2d 147 (5th Cir. 1979) (duffel bag)).[2] Although not critical to the Court's decision on this motion, the Court believes that a camera may more properly be considered a personal effect than a container. "Personal effects" include items that are found on a suspect's person, including outer clothing, and the contents of his pockets, purse, or wallet. See United States v. Nieves, 609 F.2d 642, 646 (2d Cir. 1979). Generally, and in this case, Ayalew's camera was carried on his person. Additionally, courts have considered photographs within the purview of personal effects. See, e.g., United

---

[2] Defendant incorrectly cites Eighth Circuit cases for this proposition. Under Eighth Circuit law, even if Ayalew's camera could be considered a "container," it could have been searched without a warrant at the time and place of his arrest. A container may be searched contemporaneously with an arrest, without a warrant, and absent exigencies, as long as it is in the "immediate control" of the arrestee. See United States v. Morales, 923 F.2d 621, 627 (8th Cir. 1991) (suitcases and handbags may be searched "at or about the same time as arrest" if they are in the arrestee's "immediate control").

States v. Jones, 531 F.3d 163, 166 (2d Cir. 2008) (personal effects included photographs on the defendant's person), Ayent v. Mottola, 35 F.3d 680, 683 (2d Cir. 1994) (photographs in defendant's home considered personal effects).  Thus, cameras are not akin to luggage, as Ayalew suggests, and are not containers that may only be opened pursuant to a warrant.  Cf. United States v. Chadwick, 433 U.S. 1, 11 (1977) (locked footlocker could not be searched without a warrant).

However, even if a camera were considered a container, the outcome in this case would be the same because the search of the camera's contents was still proper as an inventory search. "It is not 'unreasonable' for the police, as part of the routine procedure incident to incarcerating an arrested person, to search *any container or article* in his possession, in accordance with established inventory procedures."  Illinois v. Lafayette, 462 U.S. 640, 648 (1983) (emphasis added).  Such "inventory searches" may be conducted without first establishing probable cause or obtaining a warrant.  Id.  As the Second Circuit noted in United States v. Gorski, evidence obtained by a warrantless search of the defendant's bag would be admissible as evidence "if it was part of a routine standardized administrative procedure for making a valid inventory of [the defendant's] belongings."  852 F.2d 692, 696 (2d Cir. 1988).  After a thorough review of the facts in Gorski, the Court concluded that there was no evidence that inventory searches were an established procedure in the booking and detention of suspects at the particular facility involved and reversed the district court's order denying the defendant's motion to suppress the evidence. Id.  However, if the inventory search had been a routine procedure, the container's contents would have been at admissible as evidence.

In the instant case, the record contains evidence that inventory searches were normally

conducted. Agent Tatro testified that it was normal operating procedure for Border Patrol agents to search an arrestee's belongings. Transcript of Suppression Hearing at 40 (Dkt. No. 22). Therefore, the inventory search of Ayalew's camera was a proper incident to his lawful arrest and the camera's contents are admissible. See <u>Layfayette</u>, 462 U.S. at 648; <u>Gorski</u>, 852 F.2d at 696.

### III.  Conclusion

After having reviewed Ayalew's Motion for reconsideration, the documents submitted by the parties in conjunction with this action, this Court's January 20, 2008 Memorandum-Decision and Order, the applicable law, and for the reasons discussed herein, it is hereby

**ORDERED**, that Defendant's Motion for reconsideration (Dkt. No. 30) is **DENIED**; and it is further

**ORDERED**, that the June 20, 2008 Memorandum-Decision and Order (Dkt. No. 28) is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED:   September 02, 2008
             Albany, New York

Lawrence E. Kahn
U.S. District Judge